JS - 2

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | Case No. CV 06-7410-RMT |
|---|---|---|
| Plaintiff, | ) | **CR 03-0194-RMT** |
| vs. | ) | ORDER GRANTING DEFENDANT'S MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255 |
| JAMES ISAAC NEUSOM, | ) | |
| Defendant. | ) | |

This matter has come before the court on a motion by Defendant James Isaac Neusom ("Defendant") to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Having considered the pleadings, declarations, and the record on this matter, the court finds as follows:

*Background*

On November 14, 2003, a jury found Defendant guilty of theft of government property and Social Security fraud. (CR 03-0194, Minutes of 3rd day jury trial, Docket #37). Defendant was convicted of theft of government property in excess of $1,000 (count 1) and Social Security fraud (count 2). 18 U.S.C. § 641; 42 U.S.C. § 408(a)(4). As to count 2, the government proceeded on the theory that Defendant "intentionally concealed the death of his mother, Ella Gilmore [("Gilmore")], in order to continue to receive and spend [Widow's Insurance Benefits ("WIB")] payments made by [the Social Security

JS 2

Administration] to his mother." (Indictment at 2-3).

On December 2, 2003, Defendant filed a motion for a new trial based on newly discovered evidence. (CR 03-194, Motion filed by James Isaac Neusom for new trial, Docket #26). The court denied Defendant's motion for a new trial on February 5, 2004. (CR 03-194, Order denying Defendant's motion for a new trial ("February 2004 Order"), Docket #33, at 8). In the February 2004 Order, this court stated that Defendant had the option of raising the matter of his trial counsel's performance in a motion to vacate the judgment pursuant to section 2255. (Id.)

On August 2, 2004, Defendant was sentenced to five years probation, fifty hours of community service, restitution in the amount of $30,547.80, and a special assessment of $200. (CR 03-0194, Minutes of motion for reconsideration and sentencing, Docket #55).

Subsequently, Defendant appealed his conviction to the Ninth Circuit Court of Appeals on August, 2, 2004. On January 10, 2006, the Ninth Circuit affirmed Defendant's conviction and denied any relief. U.S. v. Neusom, 159 Fed.Appx. 796, WL 3487582 *2 (9th Cir. Dec. 20, 2005).

On November 20, 2006, Defendant filed a motion to vacate, set aside or correct sentence pursuant to 18 U.S.C. § 2255 and on January 29, 2007, Defendant filed an amended section 2255 motion.

Defendant's section 2255 motion is based on a claim of ineffective assistance of his trial counsel, Humberto Diaz, for failure to investigate defenses to the allegations and request a trial continuance.

*Analysis*

**I. Ineffective Assistance of Counsel**

Defendant must meet two requirements to obtain relief for an ineffective assistance of counsel claim pursuant to section 2255. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). First, Defendant must prove that trial counsel's representation was deficient, falling below an objective standard of reasonableness. In order to meet this requirement,

Defendant must overcome the strong presumption that trial counsel's conduct fell within "the wide range of professionally competent assistance." Id. at 690. Second, Defendant must show that trial counsel's deficient performance prejudiced the defense. Id. To prove prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

### A. Trial Counsel's Failure to Make Reasonable Investigations and Request a Continuance

Defendant argues that trial counsel's representation was deficient because trial counsel relied on the government to provide complete discovery as well as made untimely discovery requests and failed to request a continuance when receiving only "partial compliance" to his subpoena. (CV 06-7410, Reply memorandum of points and authorities in support of amended petition for writ of habeas corpus ("P. & A. Supp. of Am. Pet."), Docket #7, at 11).

Defense counsel has a "duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691. This includes conducting a reasonable investigation or making a showing of strategic reasons for failing to do so. Sanders v. Ratelle, 21 F.3d 1446, 1456-57 (9th Cir. 1994) (stating that to be strategic, the decision about developing or not developing a defense must be "an informed one").

In Kimmel v. Morrison, counsel failed to file a timely suppression motion, not due to strategic considerations, but because, until the first day of trial, he was unaware of the search and of the State's intention to introduce the seized materials into evidence. 477 U.S. 365, 385. Further, counsel was unapprised of the search and seizure because he had conducted no pretrial discovery. Id. The court stated that counsel's failure to request discovery was not based on strategy, but on counsel's mistaken beliefs that the State was obliged to take the initiative and turn over all of its inculpatory evidence to the defense and

that the victim's preferences would determine whether the State proceeded to trial after an indictment had been returned. Id. Thus, viewing counsel's failure to conduct any discovery from his perspective at the time he decided to forgo that stage of pretrial preparation and applying a "heavy measure of deference" to his judgment, the court found that counsel's decision was unreasonable, that is, contrary to professional norms. Id.

As in Kimmel, trial counsel's decisions were not strategic. Defendant states that trial counsel failed to pursue complete copies of the records of both the SSA and Union Bank before trial. (Supplemental brief in support of petition for issuance of writ of habeas corpus ("Def's Supp. Brief in Supp. of Am. Pet."), Docket #88, at 3-4). Defendant correctly argues that because the allegations were based on the records of these two entities, failing to obtain the records fell below the reasonable standard of care. (Id. at 4).

On November 6, 2003, trial counsel sent a letter requesting the complete SSA files for Gilmore, and Defendant's aunt, Juanita Choice, to Assistant United States Attorney John Webb ("Webb"). (Declaration of trial counsel Humberto Diaz ("Diaz Decl.") at 2 ¶ 5). Based on prior professional interactions with Webb, trial counsel "expected Mr. Webb to provide full and complete discovery." (Id. at 1 ¶ 4). However, trial counsel stated that when the SSA agents testified at trial it was clear they reviewed more material than what was provided to him by Webb. (Id. ¶ 6). Despite the surprise, trial counsel failed to object to the evidence or obtain a continuance to ensure that proper investigation was completed. (P. & A. in Supp. of Am. Pet. at 13).

Also, on November 7, 2003, four days before trial, trial counsel issued a subpoena *duces tecum* to Union Bank for almost ten years of records. (Id. at 2). In response, Union Bank provided a declaration on November 10, 2003, indicating its "partial compliance" with the subpoena and forthcoming complete compliance when additional records were received from archives. (Id.) Defendant's trial counsel admitted that serving the subpoena on Union Bank four days before trial was not a strategic decision and that he had "no good excuse for failing to seek these documents earlier." (Diaz Decl. ¶ 14).

In addition, although trial counsel had only received Union Bank's "partial

compliance" to the subpoena, trial counsel failed to request a continuance. (Def's Suppl Brief at 4). Trial counsel acknowledges that his failure to request a continuance was not strategic and that had he requested a continuance, the court would have likely been amenable to a continuance. (Diaz Decl. ¶¶ 9, 14).

Thus, trial counsel's decisions to untimely issue discovery requests and failing to request a trial continuance were both uninformed and unreasonable.

For the foregoing reasons, trial counsel's performance was deficient.

### B. Defendant was Prejudiced by Trial Counsel's Deficient Performance

Defendant argues that the untimely discovered materials would have shown a number of important facts corroborating Defendant's testimony and contradicting the government's presentation. (P. & A. in Supp. of Am. Pet. at 9, 14-15).

In Baylor, the defendant was convicted of sexually assaulting two victims. Baylor v. Estelle, 94 F.3d 1321, 1323 (9th Cir. 1996). The prosecution argued that the prejudice prong of the ineffective assistance of counsel claim could not be satisfied because of the defendant's confession which corroborated the victims' versions of the alleged crimes. Id. at 1324. The defendant testified that his confession was coerced; however, there was no court finding that it was. Id. The Ninth Circuit affirmed the issuance of a writ of habeas corpus reasoning that:

> [R]easonable doubt about the rape of the first victim would necessarily have raised a reasonable doubt about the validity of his confession. Inasmuch as all of [the defendant's] convictions were based on the same confession, we cannot disagree with the [district] court's conclusion that there is a reasonable probability that the evidence that would have been present but for counsel's ineffective assistance would have injected reasonable doubt in regard to all his counts.

Id. at 1325.

The government asserts that Defendant's confession that he illegally used the SSA benefits at issue, bars the deficiency from amounting to one that would "undermine the

1  outcome of the case." (Govt's Opp. to Def's Suppl. Brief at 9).  However, as in <u>Baylor</u>,
2  there is a reasonable probability that the newly discovered documents would have raised
3  reasonable doubt to the government's theory that Defendant willfully concealed Gilmore's
4  death in order to continue receiving and spending of her WIB.  The newly discovered
5  documents corroborate Defendant's pre-trial statements that he notified the SSA of
6  Gilmore's death shortly after she passed and Defendant's testimony at trial that the SSA
7  knew of Gilmore's death prior to 2001.  In addition, the newly discovered documents would
8  have presented doubt in the testimony of government witnesses who testified that the SSA
9  did not provide direct deposit payments to Gilmore until 1996.

10  Because the presentation of the newly discovered documents to the jury could have
11  resulted in greater confidence in Defendant's credibility and testimony at trial and/or greater
12  doubt in the testimony of government witnesses, Defendant was prejudiced by trial
13  counsel's ineffective assistance for failure to investigate defenses to the allegations and
14  request trial continuance.

15  For the foregoing reasons, Defendant's section 2255 should be granted.
16  Accordingly,
17  IT IS ORDERED that Defendant's § 2255 motion is GRANTED and Defendant's
18  conviction and sentencing are hereby vacated.
19  Dated: April 8, 2008

_____
ROBERT M. TAKASUGI
United States District Sr. Judge