UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 03-0194-RMT |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT |
| vs. | |
| JAMES ISAAC NEUSOM, | |
| Defendant. | |

This matter has come before the court on the motion by Defendant James Isaac Neusom ("Defendant") to dismiss the indictment on the ground that his Fifth Amendment right to due process and Sixth Amendment right to a speedy trial were violated due to the unreasonable pre-indictment and post-indictment delay. The court, having considered the motion and other papers filed in this matter, finds as follows:

**PROCEDURAL POSTURE**

A two-count indictment against Defendant was filed on February 28, 2003. (Indictment, Docket #1). The post-indictment arraignment was held on April 14, 2003 and the magistrate judge set the trial date for June 10, 2003. (Minutes of post-indictment arraignment hearing, Docket #9). At Defendant's request, based on defense counsel's assertion that he required additional time to investigate facts and underlying defenses, and

1    the failure to grant a continuance would "result in a miscarriage of justice," this court
2    granted three continuances that resulted in a trial date of November 11, 2003.  (See
3    Stipulation and Order, Docket #13-15).

4          Trial commenced on November 12, 2003.  On November 14, 2003, Defendant was
5    convicted by a jury trial for theft of public money, in violation of 18 U.S.C. § 641, and
6    concealing of, or failing to disclose information, in violation of 42 U.S.C. § 408(a)(4).
7    (Minutes of 3rd day jury trial, Docket #37).  On August 2, 2004, Defendant was sentenced
8    to five years probation, ordered to pay $30,547.80 in restitution, and fifty hours of
9    community service.  (Judgment and commitment, Docket #56).

10         The court finding that Defendant's trial counsel had been ineffective, granted
11   Defendant's motion to vacate the sentence pursuant to 28 U.S.C. § 2255 on April 8, 2008.
12   (Order, Docket #96).  On May 20, 2008, at Defendant's request, this court issued an order
13   continuing the trial date to November 4, 2008.  (Order, Docket #104).

14         In the instant motion, Defendant seeks to dismiss the indictment alleging that his
15   Fifth and Sixth Amendment rights were violated due to pre-indictment and post-indictment
16   delays.

17   **ANALYSIS**

18   **A. Pre-indictment delay**

19         Defendant contends that his Fifth Amendment right was violated because of pre-
20   indictment delay, and, therefore, the indictment should be dismissed.

21         "The Fifth Amendment guarantees that defendants will not be denied due process
22   as a result of pre-indictment delay." Corona-Vereba, 509 F.3d 1105, 1112 (9th Cir. 2007)
23   (quoting United States v. Sherlock, 962 F.2d 1349, 1353 (9th Cir. 1989)).  "Generally, any
24   delay between the commission of a crime and an indictment is limited by the statute of
25   limitations." Id.

26         In order for Defendant to show that there was a violation of his Fifth Amendment due
27   process right, Defendant must (1) prove actual prejudice and (2) show that the delay
28   offends fundamental conceptions of justice which lie at the base of our civil and political

2

1  institutions.  Id.

2      **1.  Actual prejudice**

3      The Ninth Circuit has held that "establishing prejudice is a 'heavy burden' that is

4  rarely met."  Id.  General contentions of the loss of memory, witnesses, or evidence are

5  insufficient to establish actual prejudice.  Id.  Defendant must show that lost testimony,

6  witnesses, or evidence has meaningfully "impaired his ability to defend himself," and "[t]he

7  proof must demonstrate by definite and non-speculative evidence how the loss of a witness

8  or evidence is prejudicial to [his] case."  Id. (quoting United States v. Huntley, 976 F.2d

9  1287, 1290 (9th Cir. 1992)).

10     **a.  Defendant's lost documentary evidence**

11     Defendant asserts that there is actual prejudice due to the loss of documentary

12 evidence, specifically the destruction of Ms. Gilmore's paper file.

13     "[W]here adequate substitutes exist for missing nontestimonial evidence, prejudice

14 does not exist."  Corona-Verbera, 509 F.3d at 1113.

15     The government concedes that there are certain paper records that existed but no

16 longer exist today.  However, the government contends that the paper files were likely

17 destroyed in 1998 due to ordinary SSA practice, and, therefore, there is no way that the

18 government could have prevented the loss since Ms. Gilmore's death was not confirmed

19 until 2001.

20     Defendant's arguments as to what the paper file contained is not definite.  Defendant

21 alleges that the documents would corroborate his statements that he reported his mother

22 death.  Although there may be evidence showing that the SSA was contacted about Ms.

23 Gilmore's death, it is uncertain as to when or who reported this.  Further, there is no

24 evidence that suggests that the electronic files differ in any material way to the paper files.

25 Thus, Defendant has not shown actual prejudice.

26     **b.  Lost witnesses**

27     Defendant alleges that he has been prejudiced because of lost witnesses,

28 specifically due to the death of his grandmother and aunt.  Defendant contends that his

1   grandmother and aunt would have refuted the government's assertion that Defendant did
2   not perform his duties as representative payee and that they would have corroborated
3   Defendant's assertion that he did not realize that he was receiving improper payments.
4   (Def's Mot. at 8).

5   The Ninth Circuit has held that "[g]enerally, protection from lost testimony 'falls soley
6   within the ambit of the statute of limitations.'" In addition, the court in Corona-Verbera,
7   concluded that "when a defendant fails to make a specific showing [and fails to offer proof
8   such as affidavits] as to what a deceased witness would have said, any argument is pure
9   conjecture." 509 F.3d 1113 (quoting Sherlock, 962 F.2d at 1353.  Since the indictment was
10  brought within the statute of limitations, Defendant's claim of lost testimony is unsuccessful.
11  Defendant also does not offer any proof, such as affidavits, on what his grandmother and
12  aunt would have testified.

13  Since Defendant's arguments of lost documentary evidence and witnesses are
14  speculative and generalized assertions, Defendant has failed to establish actual prejudice
15  due to the pre-indictment delay.

16  **2.  Whether the delay offends those fundamental conceptions of justice**

17  Only after Defendant establishes actual prejudice, the court must balance the length
18  of the delay against the reasons for the delay, and Defendant must show that the delay
19  offends those fundamental conceptions of justice.  (Id. at 1112).  Even assuming arguendo
20  that Defendant could establish actual prejudice, he is unable to show that the delay
21  offended fundamental conceptions of justice.

22  Defendant contends that the government delayed to file charges from 1994 until
23  2004 and had no reasons other than negligence and recklessness.

24  In United States v. Gross, the defendants in were indicted on February 12, 1998 for
25  crimes that occurred from December 1987 until August 1989.  United States v. Gross, 165
26  F.Supp.2d 372, 374 (E.D.N.Y. 2001).  The government did not begin the investigation until
27  February 1992, and although the government alleged that the delay was "investigative,"
28  government documents provided evidence that there were only 94 days of government

1   activity for the case. Id. In addition, the witnesses testified as to the 42 lost documents and

2   the effect of this loss on the defendants' case. Id. at 381. Defendants provided ample

3   evidence as to the existence of missing documents by identifying other documents which

4   referenced the missing documents. Id. In addition, an expert testified that as to the

5   transactions, which were the acts that defendants were being charged for, the missing

6   documents should have been in the file because none of the transactions would have

7   proceeded without those documents. Id. at 382. The court found that without the missing

8   documents, Defendants would be unable to receive a fair trial on the misrepresentations

9   alleged. Id. at 383. Thus, the court held that Defendants suffered actual and severe

10  prejudice as a result of the Government's extreme delay in bringing the indictment and,

11  therefore, the indictment against the defendants was dismissed in the interest of justice.

12  Id. at 385.

13        In United States v. Jackson, the defendant was indicted on February 24, 2005 for

14  crimes that occurred in summer 2001. United States v. Jackson, 488 F.Supp.2d 866, 868

15  (D.Neb. 2007). The court stated that although there was "no direct evidence of intentional

16  delay in [the] case . . . the fact that the file languished on the desk [of the prosecutor] for

17  two years is significant and very intentional." Id. at 873. The court further noted, that the

18  government failed the public's interest in the timely prosecution of a serious criminal

19  offense. Id. The court found that the government's conduct, which caused a four-year

20  delay, was at the very least extremely reckless to the point where it caused the defendant's

21  inability to adequately defend himself. Id. Because the government's delay resulted in

22  actual and substantial prejudice and offended fundamental conceptions of justice, the court

23  held that the government's conduct resulted in prejudicial pre-indictment delay and

24  dismissed the indictment under the Fifth Amendment. Id.

25        Defendant contends that the SSA office gained knowledge of Ms. Gilmore's death

26  as early as February 1994 and, therefore, because the SSA did not confirm Ms. Gilmore's

27  death until 2001, the court should find that the delay offends fundamental concepts of

28  justice. There are two documents that lend support to Defendant's contention: (1) a

1  document indicating a "Notice of Reclamation for Ella L. Gilmore deceased on 12/3/93; US

2  Treasury requesting refund for 1/3/94 Social Security payment" for Bank of California

3  Account No. 283-214727 and in the amount of $591.00; and (2) a transaction that states

4  "RPD-02/09/94 COM-02/94 SSC-M DEATH TERM." (See Defendant's motion to dismiss

5  the indictment, Docket #106, at Ex. E; Defendant's reply to government's opposition,

6  Docket #123, Ex. A).  This evidence indicates that the SSA had some knowledge of Ms.

7  Gilmore death, but does not show the date on which the SSA gained this knowledge.  Thus,

8  the SSA's disorganized record keeping and the fact that the SSA continued to pay Ms.

9  Gilmore for seven years, leads the court to find that at most the SSA was negligent and not

10  intentional.

11      In addition, there is no evidence suggesting that the original file contained specific

12  documents that are no longer available in Ms. Gilmore's SSA file.

13      Also, "[b]efore [the court] may find a due process violation, [Defendant] must show

14  that the delay was caused by the government's culpability." United States v. Sherlock, 962

15  F.2d 1349, 1354 (9th Cir. 1989).  Here, the record does not show that the government's

16  delay was to gain tactical advantage over the accused.  The government states that the

17  reason for the delay was to investigate the matter and there is no direct evidence to the

18  contrary.  (See Govt's Opp. at 12 (stating that "the entire governmental investigation, from

19  Mayes' referral of the case to SSA OIG, all the way to indictment, took less than two

20  years")).

21      Thus, Defendant has not established that the delay offended the fundamental

22  concepts of justice.

23      For the foregoing reasons, Defendant cannot establish pre-indictment delay.

24  **B. Post-indictment delay**

25      Defendant argues that his Sixth Amendment right was violated because of post-

26  indictment delay, and, therefore, the indictment should be dismissed.

27      To show a Sixth Amendment violation, the United States Supreme Court in Barker

28  v. Wingo, 407 U.S. 514, 530 (1972), established "a balancing test, in which the conduct of

1   both the prosecution and the defendant are weighed." The Court balances the following

2   four factors: (1) length of delay; (2) the reasons for the delay; (3) the defendant's assertion

3   of his right; and (4) prejudice to the defendant. Id.

4       **1. Length of delay**

5       The length of delay is measured from "the time of the indictment to the time of trial."

6   United States v. Gregory, 322 F.3d 1157, 1162 (9th Cir. 2001). "A delay of more than one

7   year is presumptively prejudicial." Id. "The length of the delay is to some extent a

8   triggering mechanism. Until there is some delay which is presumptively prejudicial, there

9   is no necessity for inquiry into the other factors that go into the balance." Id.

10      The Ninth Circuit states, when "delay is attributable to the defendant, standard

11   waiver doctrine applies." United States v. Sandoval, 990 F.2d 81, 484 (9th Cir. 1993). The

12   Supreme Court has defined waiver as "an intentional relinquishment or abandonment of

13   a known right or privilege." Barker v. Wingo, 407 U.S. at 525 (quoting Johnson v. Zerbst,

14   304 U.S. 458, 464 (1938)). Also, the Ninth Circuit states that failure to assert one's Sixth

15   Amendment rights acts as a waiver to those rights. People v. Hocker, 423 F.2d 960, 966

16   (9th Cir. 1970).

17      Here, the delay does not include the period from indictment to the first trial due to

18   the waiver doctrine. Before the first trial, Defendant requested three separate continuances

19   which the court granted after Defendant waived his right to a speedy trial. (See Order,

20   Docket #12, 13 and 15).

21      Therefore, the length of the delay is less than six months, measured from April 8,

22   2008, the period of when  the court granted  the writ to habeas corpus motion which

23   vacates the previous sentence, to November 4, 2008, the currently scheduled trial date,

24   and weighs against finding a Sixth Amendment violation. Since the length of the delay is

25   less than six months,  the delay is not presumptively prejudicial and this court is not

26   obligated to inquire into any of the remaining factors. However, even if the delay were

27   presumptively prejudicial, the other factors do not support a finding a violation of

28   Defendant's Sixth Amendment right to a speedy trial.

### 2. Reasons for the delay

The next factor the court considers is the reasons for the alleged periods of delay. The Supreme Court stated that different reasons would be given different weights.  See Barker, 407 U.S. at 531.  The spectrum would vary from deliberate effort by the government to prolong the trial, which would be weighed against the government, and the government's negligence, which would not be weighted as heavily as a deliberate attempt. Id.

In King, the court found that the reason for the delay weighed heavily against finding a Sixth Amendment violations because the court granted the defendant's continuances after explaining the defendant's right to a speedy trial.  King, 483 F.3d at 976.

Here, the reason for the delay is also due to Defendant's request for the continuance demonstrating Defendant's acknowledgment that he understood and waived his speedy trial rights.  Therefore, the reason for the delay is weighed against finding a Sixth Amendment violation.

### 3. Defendant's assertion of his right

The next factor is Defendant's assertion of his speedy trial right.  "The defendant's assertion of his speedy trial right . . . is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right. [The court] emphasize[d] that failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial."  Barker, 407 U.S. at 531-32.

Here, Defendant contends that he asserted his speedy trial rights in due course in this present motion to dismiss the indictment and has not filed multiple continuances.  The court granted Defendant's motion to vacate the sentence pursuant to 28 U.S.C. § 2255 on April 8, 2008. (See Order, Docket #99).  On May 20, 2008, the court accepted Defendant's waiver of his right to a speedy trial after Defendant agreed to continuing the trial date from June, 17, 2008 to November 4, 2008. (See Order, Docket #104).  Therefore, Defendant has not asserted his right in due course and this factor is weighed against finding a Sixth Amendment violation.

### 4. Prejudice to Defendant

The fourth factor is assessing the prejudice to Defendant. Prejudice "should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect." Barker, 407 U.S. at 531. The speedy trial right protects three such interests: (I) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense has been impaired. Id. Further, the court stated that "no showing of prejudice is required when the delay is great and attributable to the government." Id.

First, Defendant was not incarcerated during the pendency of the delay, which mitigates against a finding of prejudice. Second, Defendant has not provided evidence that he has experienced greater anxiety or concern distinguishable from other defendants awaiting the outcome of their criminal case. See United States v. Tucker, 8 F.3d 673, 676 (9th Cir. 1993) (stating that Defendant must establish that he experienced anxiety and concern to such a degree as to distinguish his case from that of any other prisoner awaiting the outcome of appeal). Lastly, Defendant has failed to show how the post-indictment delay has impaired his defense, especially since Defendant agreed to continuing the trial date to allow him additional time to prepare for trial. (See Order, Docket #104). In weighing all the interests together, Defendant has not shown prejudice in the post-indictment delay and this factor is weighed against finding a Sixth Amendment violation.

Therefore, Defendant has not established post-indictment delay.

For the foregoing reasons, because Defendant has established neither pre-indictment nor post-indictment delay under the Fifth and Sixth Amendments, Defendant's motion to dismiss the indictment should be denied.

//

//

//

//

//

1    Accordingly,

2    IT IS ORDERED that Defendant's motion to dismiss the indictment is hereby

3  DENIED.

4  Dated: September 12, 2008

5

6    _____

7    ROBERT M. TAKASUGI
     United States District Sr. Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28